UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DAVID JOHN CAMPBELL,

                Plaintiff,

    v.                                                         3:23-cv-01337 (AMN/ML)

NEW YORK STATE POLICE *et al.*,

                Defendants.

---

**APPEARANCES:**                                          **OF COUNSEL:**

**DAVID JOHN CAMPBELL**
5 Bradley Street
Binghamton, New York 13904
Plaintiff, *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

## ORDER

### I. INTRODUCTION

On October 30, 2023, *pro se* plaintiff David John Campbell ("Plaintiff") commenced this action pursuant to 42 U.S.C. § 1983 ("Section 1983") against numerous defendants ("Defendants"). Dkt. No. 1 ("Complaint"). Plaintiff sought and ultimately received leave to proceed *in forma pauperis*. Dkt. Nos. 2, 4–5, 7.

This matter was referred to United States Magistrate Miroslav Lovric, who reviewed the Complaint pursuant to 28 U.S.C. § 1915(e) and, on April 19, 2024, recommended that the Complaint be dismissed. Dkt. No. 7 ("Initial Report-Recommendation"). On April 29, 2024, Plaintiff filed objections. Dkt. No. 8. On June 20, 2024, the Court adopted the Initial Report-Recommendation in its entirety, dismissed the Complaint, and granted Plaintiff leave to amend certain of his claims. Dkt. No. 9.

On August 1, 2024, Plaintiff filed an amended complaint. Dkt. No. 11 ("Amended Complaint"). Magistrate Judge Lovric reviewed the Amended Complaint pursuant to 28 U.S.C. § 1915(e) and, on December 30, 2024, recommended that the Amended Complaint be dismissed without leave to amend. Dkt. No. 12 ("Report-Recommendation"). Magistrate Judge Lovric advised that pursuant to 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id.* at 13.[1] Plaintiff filed objections on January 7, 2025. Dkt. No. 13.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

**II.    STANDARD OF REVIEW**

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. 28 U.S.C. § 636(b)(1)(C). "To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'" *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012) (alteration in original) (quoting N.D.N.Y. Local Rule 72.1(c)). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b) advisory committee's notes to 1983 addition). Similarly, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [previously] presented to the magistrate judge," the district court reviews a magistrate judge's

---

[1] Citations to docket entries utilize the pagination generated by CM/ECF, the Court's electronic filing system, and not the documents' internal pagination.

report-recommendations for clear error. *O'Diah v. Mawhir*, No. 08-cv-322, 2011 WL 933846, at *1 (N.D.N.Y. Mar. 16, 2011) (citations omitted); *accord Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (a "statement, devoid of any reference to specific findings or recommendations to which [the plaintiff] objected and why, and unsupported by legal authority, was not sufficient to preserve" a claim); *Petersen*, 2 F. Supp. 3d at 228–29 & n.6 (collecting cases). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-01138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-0367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 22-cv-567, 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III.   DISCUSSION

The Court adopts those aspects of the Report-Recommendation to which no party has raised a specific objection, finding no clear error therein, including the background and the legal framework set forth in the Report-Recommendation, familiarity with which is presumed for purposes of this decision.

As set forth in greater detail in the Report-Recommendation, Plaintiff's allegations appear to primarily arise from his interactions with various government employees and their employers in connection with extreme risk protection orders issued by New York State Supreme Court, Broome County and the handling of certain of Plaintiff's firearms and related property.[2] *See* Dkt. No. 11; Dkt. No. 12 at 2–7.  The Amended Complaint identifies as defendants (i) Broome County, the County's sheriff, deputy sheriff, and an assistant district attorney; (ii) the City of Binghamton, the City's mayor, the City's police chief, and two officers within the City's police department; and (iii) an unknown New York State Police officer (collectively, "Defendants").  *See* Dkt. No. 11. The Amended Complaint asserts alleged violations of the United States Constitution and New York State Penal Law.  *Id.* at 34–35; Dkt. No. 12 at 6–7.

Magistrate Judge Lovric determined that the allegations in the Amended Complaint were frivolous.  Dkt. No. 12 at 7–9.  As to the alleged constitutional violations, Magistrate Judge Lovric alternatively found that the Amended Complaint did not allege any personal involvement by numerous defendants and did not allege any municipal policy or custom.  *Id.* 9–11.  As to the alleged violations of state law, Magistrate Judge Lovric alternatively found that the cited criminal

---

[2] Plaintiff is also pursuing a second action related to certain of these allegations.  *See Campbell v. City of Binghamton, NY et al.*, Case No. 24-cv-00067 (N.D.N.Y.).

statute did not provide a private right of action. *Id.* at 11. As a result, Magistrate Judge Lovric recommended dismissing the Amended Complaint without leave to amend. *Id.* at 11–12.

Plaintiff made a submission in opposition to the Report-Recommendation. Dkt. No. 13. Plaintiff's conclusory arguments do not meaningfully challenge Magistrate Judge Lovric's determination that the Amended Complaint's allegations were frivolous. To the extent Plaintiff's submission sets forth specific objections, the Court finds them unpersuasive. Following *de novo* review, the Court agrees with Magistrate Judge Lovric's findings and recommendations for the reasons set forth in the Report-Recommendation. Accordingly, the Report-Recommendation is adopted in its entirety.

## IV.    CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 12, is **ADOPTED** in its entirety; and the Court further

**ORDERS** that the Amended Complaint, Dkt. No. 11, is **DISMISSED without leave to amend**; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules, and close this case.[3]

**IT IS SO ORDERED.**

Dated: January 30, 2025
Albany, New York

Anne M. Nardacci
U.S. District Judge

---

[3] The Clerk has previously provided Plaintiff with copies of all unreported decisions herein.